UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BARAKA RAMOS, | ) | C/A No.  4:12-2549-DCN-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| EDSEL TAYLOR, WARDEN, MACDOUGALL CORRECTIONAL INSTITUTION, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner, Baraka Ramos (Petitioner/Ramos), is currently incarcerated at MacDougal Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 6, 2012. Respondent filed a motion for summary judgment on February 28, 2013, along with a return, supporting memorandum, and exhibits. (Docs. #30 and 31). The undersigned issued an order filed March 4, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #41). Petitioner filed a response on April 4, 2013.

It is recommended that this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is presently confined in the South Carolina Department of Corrections pursuant to orders of commitment from the Horry County Clerk of Court. (App. 19). Petitioner was indicted by an Horry County Grand Jury during the June 2006 term of General Sessions for trafficking in illegal drugs (heroin) in violation of Section 44-53-0370(e)(3) of the South Carolina Code (#2006-GS-26-2557). (App. 17-18). The charges stemmed from a November 9, 2005, incident in which Petitioner attempted to sell approximately four grams of heroin to a confidential informant. (App. 7-8, 16).

Petitioner pleaded guilty before the Honorable Steven H. John on September 8, 2006, in Conway where he was represented by Paul Taylor. (App. 1). Petitioner acknowledged he understood each of these rights, but wished to waive them and entered a guilty plea. (App. 4-5).

The State then gave its factual recitation of the plea, which Petitioner agreed was correct. (App. 7-9, 10). The plea court subsequently accepted Petitioner's plea finding it was freely, voluntarily, knowingly and intelligently tendered and accepted the State and defense counsel's recommendation of a fifteen (15) year sentence. (App. 10-11, 12-13). Petitioner did not seek appellate review.

### FIRST POST-CONVICTION RELIEF ACTION AND APPEAL

On August 16, 2007, Petitioner filed an application seeking post-conviction relief ("PCR") (#2007-CP-26-4992). (App. 20-28). In his initial application, Petitioner alleged "constitutional and

statutory violations" as well as "ineffective assistance of counsel" and "new matter[.]" (App. 22). In response, the State, represented by Christina J. Catoe, filed a return disputing Petitioner's allegations and requesting an evidentiary hearing. (App. 30-34). After the State filed its return, Petitioner filed what appears to be a *pro se* amendment to his application arguing plea counsel was ineffective for: (a) "failing to explain Petitioner the consequences of his plea[;]" (b) "failing to object when the plea court failed to advised (sic) Petitioner of the full consequences of his plea[;]" (c) failing to "apprise Petitioner of the mandates of S.C. Code Ann. § 24-21-560(D), which results in double sentencing that renders Petitioner's plea and sentence unconstitutional[;]" and (d) "failing to challenge the State's wire, interceptions through pretrial motion to suppress the evidence that Petitioner alleges to have been obtained in violation of Title 17 Section 30 of S.C. Code of Laws[.]" (App. 36, 42).

On June 11, 2008, an evidentiary hearing was conducted before the Honorable J. Michael Baxley in Conway. (App. 59). At the hearing, Petitioner was represented by Paul Archer, while the State remained represented by Catoe. (App. 59). Both Petitioner and his former attorney, Paul Taylor, testified during the hearing. (App. 60). At the conclusion of the hearing the PCR court issued an oral order denying relief. (App. 87-91). Thereafter, the PCR court issued a written order denying relief on July 7, 2008. (App. 93-101). Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend, but did seek appellate review. See Notice of Appeal in #2007-CP-26-4992.

On appeal, Petitioner, represented by newly retained counsel Tricia Blanchette, filed a petition for writ of certiorari in the Supreme Court of South Carolina arguing, "trial counsel was ineffective for failing to obtain and review the audio recording from the undercover operation with the Petitioner prior to the entry of his guilty plea." In response, the State filed a return arguing that

even assuming the issues raised on appeal were preserved for review, the record clearly supported the PCR court's denial of relief. Certiorari was denied on April 13, 2009. The remittitur was issued on April 29, 2009.

## SECOND PCR AND PCR APPEAL

More than two years after the denial of his first PCR application, Petitioner, on May 2, 2011, filed a second PCR application alleging: (1) his due process rights were violated due to a defect in the indictment process; and (2) ineffective assistance of counsel for failing to conduct a thorough investigation of his case. In response, the State, again represented by Catoe, filed a return and motion for summary judgment asserting Petitioner's application was both successive and untimely. The Honorable Larry B. Hyman filed a conditional order of dismissal finding the application was successive and untimely but giving Petitioner twenty (20) days from service of the order to explain why the order should not become final. Petitioner was served with the order on September 6, 2011.

Petitioner responded on September 22, 2011, with a document entitled "Amendment Motion to Object/Oppose to the State's Motion to Dismiss." In the document, Petitioner stated he would be amending his PCR application to include the following:

(1) A motion to dismiss or set aside his sentence based upon newly-discovered evidence;

(2) The applicant already provided the courts with material evidence when he first sent his motion to object/oppose;

Additionally, Petitioner explained he would furnish the PCR court with a variety of exhibits regarding a purported drug analysis as well as information which allegedly supported his deficient investigation claim. The PCR Court issued a final order of dismissal finding Petitioner's claims were both successive and untimely. See Final Order of Dismissal in #2011-CP-26-3895. Petitioner was

served with the final order of dismissal on April 17, 2012. Petitioner served the State with a petition for writ of certiorari on May 7, 2012.

Following Petitioner's service of his petition for writ of certiorari, the Supreme Court of South Carolina wrote Petitioner a letter explaining his petition for writ of certiorari had been construed as a notice of appeal. The Court further asked that Petitioner furnish it with the following documentation within fifteen (15) days of the date:

(1) A copy of the PCR court's conditional order of dismissal;

(2) A proof of service showing that a copy of the notice of appeal was served on the State with a proof of service;

(3) The date on which he received written notice of entry of the final order;

(4) A Rule 243(c), SCACR explanation demonstrating why the PCR court improperly determined the action was procedurally barred.

Thereafter, Petitioner filed his Rule 243(c), SCACR explanation, and on June 21, 2012, the Supreme Court found Petitioner failed to demonstrate the PCR court's determination was improper. See Petitioner's Rule 243(c), SCACR, Explanation; Order Dismissing Petitioner's PCR Appeal, filed June 21, 2012. The remittitur was issued on July 9, 2012.

## II.  GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

GROUND ONE:       Ineffective assistance of counsel based on involuntary guilty plea.

GROUND TWO:      Due process, ineffective assistance of counsel, not investigating the chain of custody and the incorrect weighing of the drugs.

GROUND THREE:  Ineffective assistance of counsel on a faulty tainted

5

                indictment of trafficking and subject matter jurisdiction.

GROUND FOUR:   Newly discovered evidence with the chain of custody and the incorrect weighing of the drugs.

(Petition).

### III.  DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2]  Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an

---

[2] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on September 8, 2006. Petitioner's conviction became final ten (10) days after his plea since he did not serve a notice of appeal. Therefore, his conviction became final after the expiration of the ten days and the one-year limitations period began running on September 19, 2006. Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g., Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998).

Petitioner filed a PCR application on August 16, 2007. Therefore, three-hundred and thirty-one (331) days lapsed between the conviction becoming final and the time the PCR was filed. Petitioner appealed the PCR court's ruling dismissing his application. The South Carolina Supreme Court issued an order dismissing Certiorari and the Remittitur was issued on April 29, 2009. Petitioner filed this habeas petition on September 6, 2012. The instant petition is clearly time barred

and should be dismissed.[3]

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In *Harris*, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

*Harris*, 209 F.3d at 327.

Petitioner did not file his federal petition for writ of habeas petition within the one year time period. Hence, the instant petition is time barred and should be dismissed. Petitioner argues that the period of limitations should begin from April 6, 2011, the date which Petitioner asserts he came into receipt of newly discovered evidence, i.e. a SLED lab report[4] and the chain of custody regarding the drugs which were the subject of the SLED analysis. Therefore, Petitioner is arguing that the later

---

[3] Petitioner filed a second PCR action on May 2, 2011, which was dismissed as successive and time barred. The statute of limitations was not tolled by the filing of the second PCR action because it was not "properly" filed. Additionally, the statute of limitations for federal habeas corpus had already expired before the second PCR action was filed.

[4] Petitioner argues that counsel failed to object to the chemist weighing the drugs with the bags included, and that he did not receive this information until April 6, 2011, from the solicitor's office in Horry County. Thus, Petitioner argues that the detectives violated procedures with respect to the testing of his drugs and that the chain of custody was not properly established.

time period under the AEDPA statute of limitations, 28 U.S.C. 2244 ((d)(1)(D), would apply to him. Respondent opposes this argument asserting that "as noted by the PCR court, since the factual predicate of Petitioner's claims would have been discovered, and in fact may have been discovered through the exercise of due diligence, prior to the entry of his guilty plea" the argument fails.[5] Petitioner has failed to show that he exercised due diligence.[6] Therefore, Petitioner's argument that he is entitled to the later beginning point under §2244(d)(1)(D) fails and the time period falls within §2244(d)(1)(A).[7]

Additionally, there is no evidence that warrants equitable tolling. Petitioner has argued that the time should be tolled due to the fact that he did not receive the newly discovered evidence from the solicitor's office until April 6, 2011. Respondent argues in response that ". . . the factual predicate for Petitioner's newly discovered evidence claim was the controlled drug buy itself meaning Petitioner could have discovered this information prior to the disposition of his guilty plea through the state's rules of criminal procedure." (Respondent's memorandum, p. 14).

In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the

---

[5] In the second PCR which was dismissed as successive and untimely, the PCR court found that the evidence Petitioner received was not "newly discovered evidence" because Petitioner "could have, exercising reasonable diligence, obtained this evidence as a part of his previous PCR action. The Applicant could have petitioned for the solicitor's file in preparation for his evidentiary hearing, or could have easily obtained his discovery file from his plea attorney at any time since the plea. Because this evidence has been available all along, it is not "new" simply because the Applicant failed to request the information sooner." (PCR Order of Dismissal of March 28, 2012, dismissing the second PCR application at p. 3). The Supreme Court of South Carolina dismissed the appeal from the PCR Order.

[6] See Clark v. Padula, 2012 WL 4051280, (D.S.C. Sept. 12, 2012); Birch v. Warden, 2007 WL 4443211, (D.S.C. Dec. 14, 2007).

[7] Furthermore, even if the statute of limitations began to run on April 6, 2011, as Petitioner argues, the federal habeas petition is still time barred as it was not filed until September 6, 2012.

following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The

> district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

*Id*. at 246-247.

To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace v. DiGulielmo, 544 U.S. 408, 418 (2005). Petitioner has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. In his response in opposition to summary judgment, Petitioner argues that the "'Actual default' . . . was a result of his counsel failing to review the State material against his client" and that his attorney could have "sought disclosure of additional evidence regarding the Sled Report under Rule 5(c) or 5 (d)." (Response, pgs. 9-10). In Holland v. Florida, ____ U.S. ___, 130 S.Ct. 2549, 2564 (2010), the Supreme Court reiterated its holding that equitable tolling in a habeas case is reserved for extraordinary circumstances and that "a garden variety claim of excusable neglect" was insufficient to invoke the doctrine of equitable tolling.

Based on the above reasons, the petition is barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## IV. CONCLUSION

As set out above, the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #30) be

GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

                                              Respectfully Submitted,

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
April 16, 2013                             United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**